UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHOENIX INTERNATIONAL                                    CIVIL ACTION
HOLDINGS, INC.
                                                         NO: 20-01684
VERSUS
                                                         SECTION: T
UH SERVICES GROUP, LLC


## ORDER

Before the Court is UH Services Group, LLC's FRCP 12(b)(6) Motion to Dismiss.[1] Phoenix International Holdings, Inc. ("Phoenix") has filed an opposition.[2] For the following reasons, UH Services Group, LLC's FRCP 12(b)(6) Motion to Dismiss[3] is **GRANTED.**


## BACKGROUND

On June 11, 2020, Phoenix filed its Complaint alleging three alternate claims: (1) open account; (2) breach of contract; and (3) unjust enrichment.[4] In support of those claims, Phoenix alleged that UH Services Group, LLC ("UHSG") and Phoenix entered into a Master Services Agreement effective as of March 31, 2019 with the intent that Phoenix would provide diving-related services in support of various government projects for which UHSG would be prime contractor.[5] Phoenix alleged that it provided services and time tickets with costs for those services to UHSG, and that it invoiced UHSG for later payment. Phoenix further alleged that UHSG made only a minimal partial payment and that further amounts remain due.

---

[1] R. Doc. 9.
[2] R. Doc. 11.
[3] R. Doc. 9.
[4] R. Doc. 1.
[5] R. Doc. 1, p.2.

On August 29, 2020, UHSG filed its motion to dismiss two of Phoenix's claims: (1) the open account claim, and (2) the unjust enrichment claim. UHSG contends that Phoenix's claim for unjust enrichment should be dismissed because there can be no unjust enrichment claim under Louisiana law when there is another remedy at law, and Phoenix is pursuing another remedy at law through its breach of contract claim for the same alleged conduct and harm. UHSG further contends that Phoenix's claim for open account is legally invalid because Phoenix's claim is for an alleged breach of an ordinary contract, not an open account. Thus, UHSG claims that Phoenix's open account claim and unjust enrichment claim should be dismissed for failure to state a claim upon which relief can be granted.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[6] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[7] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[9] and the documents attached to the complaint.[10] In addition to facts alleged in the pleadings, however, the district court "may also consider matters of which [it] may take judicial notice,"[11] which includes matters of public record.[12] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and

---

[6] Fed. R. Civ. P. 12(b)(6).
[7] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[9] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[10] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[11] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).
[12] *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

drawing all reasonable inferences in plaintiff's favor.[13] If factual allegations are insufficient to raise

a right to relief above the speculative level, the claim should be dismissed.[14]

In this case, UHSG contends Phoenix's claim for unjust enrichment should be dismissed

because Phoenix did not allege and cannot demonstrate that it lacks another remedy at law. Phoenix

contends that Rule 8 permits pleading alternative theories of relief. Louisiana Civil Code Article

2298 codifies Louisiana's doctrine of unjust enrichment as follows:

> A person who has been enriched without cause at the expense of another person is
> bound to compensate that person. The term "without cause" is used in this context
> to exclude cases in which the enrichment results from a valid juridical act or the
> law. The remedy declared here is subsidiary and shall not be available if the law
> provides another remedy for the impoverishment or declares a contrary rule.

Thus, to maintain a claim for unjust enrichment under Louisiana law, a plaintiff must show: (1) an

enrichment, (2) an impoverishment, (3) "a connection between the enrichment and the resulting

impoverishment," (4) "an absence of 'justification' or 'cause' for the enrichment and

impoverishment," and (5) that there is "no other remedy at law available to plaintiff."[15]

Here, UHSG contends that the no-other-remedy-at-law element cannot be satisfied.  UHSG

submits that the availability of a breach of contract claim against precludes a claim of unjust

enrichment. The Court agrees with UHSG that Louisiana law precludes Phoenix's unjust

enrichment claim. "Louisiana law provides that no unjust enrichment claim shall lie when the

claim is based on a relationship that is controlled by an enforceable contract."[16] Because the Master

---

[13] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).

[14] *Twombly*, 550 U.S. at 555.

[15] *Laborde v. Dastugue*, 868 So.2d 228, 234-35 (La. App. 4 Cir. 2004) (citations omitted).

[16] *Drs. Bethea, Moustoukas & Weaver, LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 409 (5th Cir. 2004) (citing *Edwards v. Conforto*, 636 So.2d 901, 907 (La. 1993)); *see also Miller v. Housing Auth. of New Orleans*, 249 La. 623, 190 So.2d 75, 81 (1966) ("Our Code makes it clear that the equitable doctrine of unjust enrichment can apply only where the parties have not contracted in regard to a matter.").

Services Agreement is a valid contract defining the rights and duties between UHSG and Phoenix, Louisiana law bars Phoenix's unjust enrichment claim.

UHSG also contends Phoenix's open account claim under La. R.S. 9:2781 improperly collapses the distinction between breach of contract claims and open account claims, and "fails to take into account the fact that an obligation to pay under an ordinary contract has long been considered different from an obligation to pay under an open account."[17] Phoenix asserts that Louisiana law requires a contractual agreement to support an open account claim. La. R.S. § 9:2781 (A) provides:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim.

Citing Louisiana courts, the Fifth Circuit makes clear that "[a] contract is significantly different from an open account."[18] "A claim for breach of contract and a claim under the open account statute are considered distinct causes of action."[19] An open account is an account in which one party has opened a line of credit that is open to future modification as a result of mutual expectations of prospective business dealings.[20] "A contract, however, is an agreement between two or more parties in which an offer is made by one of the parties and acceptance is made by the other party, thereby establishing a concurrence in understanding the terms."[21]

The Louisiana Supreme Court has warned that the open account statute should be strictly construed, "because the award of attorney fees is exceptional and penal in nature."[22] Louisiana

---

[17] R. Doc. 9-1, p.6 (quoting *Congress Square Ltd. v. Polk,* 2011 WL 837144, at *4 (E.D. La. March 4, 2011) (Fallon, J.)).
[18] *Cambridge Toxicology Group, Inc. v. Exnicios,* 495 F.3d 169, 173-74 (5th Cir. 2007). *See also Tyler v. Haynes*, 1999-1921 (La. App. 3 Cir. 5/3/00), 760 So. 2d 559, 563.
[19] *Cambridge Toxicology Group, Inc.*, 495 F.3d at 173-74.
[20] *See Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 173-74 (5th Cir. 2007).
[21] *Tyler*, 760 So. 2d at 563.
[22] *Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc.*, 83-2141 (La. 4/2/84); 449 So.2d 1014.

courts have articulated "four factors" to guide the determination of "whether a course of dealing qualifies as an open account" under the open account statute: "(1) whether there were other business transactions between the parties; (2) whether a line of credit was extended by one party to the other; (3) whether there are running or current dealings; and (4) whether there are expectations of other dealings."[23]

After reviewing Phoenix's complaint, the Court finds that Phoenix failed to allege facts to support the existence of an open account. Phoenix's conclusion that "[t]he relationship between Phoenix and UHSG constitutes an open account under La. R.S. §9:2781"[24] fails to describe specific facts to establish the four factors required to state a claim under the open account statute. While Phoenix has alleged facts sufficient to support a breach of contract claim, breach of contract claims are distinct from claims under the open account statute. Therefore, the Court finds that Phoenix's open account claim should be dismissed.

## CONCLUSION

For the reasons set forth above, UH Services Group, LLC's FRCP 12(b)(6) Motion to Dismiss[25] is **GRANTED.** Phoenix International Holdings, Inc.'s unjust enrichment claim and open account claim are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana**, on this 25th day of September, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[23] *Cambridge Toxicology Grp., Inc.*, 495 F.3d at 174.
[24] R. Doc. 1.
[25] R. Doc. 9.