UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PHOENIX INTERNATIONAL HOLDINGS, INC.** | * | CIVIL NO. 20-01684 |
| | * | SECTION:  T (3) |
| v. | * | |
| | * | HON. GREG GUIDRY |
| **UH SERVICES GROUP, LLC** | * | |

## ORDER

Before this Court is Defendant UH Services Group, LLC's ("UHSG") *Motion for Reconsideration*[1] of this Court's order granting the Plaintiff's, Phoenix International Holdings, Inc. ("Phoenix"), *Motion to Dismiss UHSG's Claims for Consequential Damages*.[2] Phoenix has filed a response.[3] For the following reasons, the motion is **DENIED WITHOUT PREJUDICE.**

## BACKGROUND

This case centers on an alleged agreement to perform underwater services for the maintenance of the Beltzville Dam, a Pennsylvania-based flood control project managed by the U.S. Army Corps of Engineers ("USACE"). UH Services Group ("UHSG") is a Louisiana-based construction contractor that was hired to inspect and repair the dam.[4] Phoenix International Holdings, Inc. ("Phoenix") is a Virginia-based diving company that furnishes both workers and automated machines that perform underwater services such as dam inspections and repairs.[5] In March 2019, the two entered into a Master Services Agreement ("MSA"), a document that would

---

[1] R. Doc. 95.
[2] R. Doc.
[3] R. Doc. 99.
[4] R. Doc. 1 at 2.
[5] *Id.* at 1-2.

manage their working relationship between various "government projects."[6] Subsequently, UHSG and Phoenix allegedly entered into an agreement to work together on the Beltzville Dam project. On October 8, 2019 Phoenix submitted a work proposal to UHSG.[7] In response, UHSG "issued a verbal work order under the MSA" directing Phoenix to start work a week later.[8] The work was completed within the month.

Now, the parties dispute (1) the existence of a binding contract; and (2) the correct method of payment. Phoenix contends that UHSG accepted the October work proposal without modification and, in doing so, created an agreement bound by the "time and material basis" of payment outlined in it. UHSG disagrees, claiming that no binding contract was formed and, alternatively, the parties agreed to a "lump sum fixed rate." Upon submission of Phoenix's invoice, UHSG refused to furnish payment and Phoenix filed suit for, among other things, breach of contract.[9] In response, UHSG asserted two counterclaims seeking to recover losses from project delays caused by Phoenix.[10]

On July 16, 2021, this Court dismissed UHSG's counterclaim for consequential or delay damages, finding that it was "precluded by the language of the controlling MSA."[11] The MSA states "[n]otwithstanding any other provision of this Agreement, neither party shall be liable to the

---

[6] *Id.* at 2; R. Doc. 22 at 1.
[7] *Id.*; R. Doc. 22 at 2.
[8] R. Doc. 1 at 2; R. Doc. 22 at 2.
[9] *See id.*
[10] R. Doc. 20.
[11] R. Doc. 83 at 5.

2

other for any consequential, indirect, special or punitive damages, including but not limited to, loss of use, loss of profit, loss of revenue.…"[12]

UHSG now moves this Court to revisit that Order, arguing that "the Court supplied Phoenix with [an] argument it failed to provide," namely whether the MSA applies, by referencing *UH Services Group's Memorandum in Opposition to Phoenix's Motion to Dismiss*.[13] Specifically, UHSG asserts this Court inappropriately took "judicial notice" of "statements made in UHSG's Opposition Memo" without properly notifying UHSG.[14] UHSG insists this inured to the benefit of Phoenix because, by using judicial notice to fashion a new argument that UHSG necessarily could not respond to in its opposition filings, the Court "transferred the [12(b)(6)] burden of proof" from "Phoenix to UHSG without UHSG having an opportunity to be heard."[15] Phoenix filed a response, arguing UHSG's motion is "groundless" because UHSG has admitted a contract exists and, therefore, "UHSG accuses the Court of taking judicial notice of a question raised by UHSG in its own memorandum."[16] Phoenix further asserts UHSG is presenting new arguments in contravention to Rule 54(b) precedent.[17]

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders" by authorizing "a district court to revise any order at any time before the

---

[12] R. Doc. 1-2 at 12-13.
[13] R. Doc. 95 at 1-2; R. Doc. 27.
[14] R. Doc. 95-1 at 4.
[15] *Id.* at 2.
[16] R. Doc. 23 at 3.
[17] R. Doc. 99 at 1-4.

entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[18] Generally, a motion for reconsideration "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."[19] However, a court is "free to reconsider and reverse its decision for any reason it deems sufficient."[20] Still, such motions are "'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered" prior to the judgment but were not, and "a court need not rehash arguments it has already considered."[21] Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.[22]

Having considered the motions and the applicable law, the Court finds UHSG misunderstood this Court's actions.[23] In its Order, the Court examined and summarized the arguments UHSG presented in the *UH Services Group's Memorandum in Opposition to Phoenix's Motion to Dismiss*.[24] The Court is not required to take judicial notice of opposition filings in order to address them.[25] Like the numerous other filings both parties have put before this Court, UHSG

---

[18] *Matherne v. Louisiana Through Dep't of Child. & Fam. Servs.*, No. CV 18-3396, 2020 WL 1492992, at *1 (E.D. La. Mar. 27, 2020); Fed. R. Civ. P. 54(b); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).
[19] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotation marks omitted).
[20] *Austin*, 864 F.3d at 336.
[21] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009); *Cook v. Flight Services and Systems, Inc.*, No. 16-15759, 2019 WL 2067640, at *2 (E.D. La. May 10, 2019)
[22] *Templet v. HydroChem, Inc*., 367 F.3d 473, 479 (5th Cir. 2004).
[23] Notably, UHSG argues "Phoenix's Motion failed to advance any argument or authority for UHSG to refute or this Court to consider in determining "whether the provisions of the MSA apply." (R. Doc. 95.1 at 5). However, that question is a fundamental issue in the instant lawsuit, as noted in the Joint Status Report and the initial pleadings.
[24] R. Doc. 27.
[25] What the Court may examine prior to ruling on a motion to dismiss is not as limited as Defendant suggests. Multiple types of filings and attachments before the Court may be fair game. *See Collins v. Morgan Stanley*, 224 F. 3d 496, 498-99 (5th Cir. 2000) ("In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. Here, the court included, in its review, documents attached not to the pleadings, but to the motion to dismiss…In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.").

submitted the contents of its *Opposition Memorandum* to scrutiny.[26] The Court accordingly scrutinized.[27] Finding there is no new evidence and no manifest error of law or fact on which to reconsider the prior ruling, the Court will **DENY WITHOUT PREJUDICE** UHSG's *Motion for Reconsideration*.[28]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the *Motion for Reconsideration* is **DENIED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this \_\_\_2nd\_\_\_ day of February, 2022.

_____
Hon. Greg Gerard Guidry
United States District Judge

---

[26] Phoenix properly points out that "UHSG's own counterclaim states, 'The MSA and the verbal or written work orders UHSG issued under the MSA combine to form a contract.'" R. Doc. 99 at 2. Therefore, contrary to UHSG's assertion, it was appropriate for the Court to frame the matter as "whether the provisions of the MSA apply." R. Doc. 83 at 3.

[27] UHSG did not contest this approach when the Court summarized Phoenix's arguments in its Order granting UHSG's *Motion to Dismiss* (R. Doc. 18) Phoenix's other two claims.

[28] If it is ultimately found that a contract does not exist between the parties, the Defendant may re-raise this motion and its related claim at the appropriate time.