UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PHOENIX INTERNATIONAL HOLDINGS, INC.** | * | CIVIL NO. 20-01684 |
| | | SECTION: T (3) |
| v. | * | |
| | | HON. GREG GUIDRY |
| **UH SERVICES GROUP, LLC** | * | |

## ORDER

Before this Court is Defendant UH Services Group, LLC's ("UHSG") *Motion for Reconsideration*[1] of this Court's order denying *Defendant's FRCP 12(c) Motion to Dismiss Count II of Phoenix's Complaint*.[2] The Plaintiff, Phoenix International Holdings, Inc. ("Phoenix") filed a response.[3] For the following reasons, the motion is **DENIED.**

## BACKGROUND

This case centers on an alleged agreement to perform underwater services for the maintenance of the Beltzville Dam, a Pennsylvania-based flood control project managed by the U.S. Army Corps of Engineers ("USACE"). UH Services Group ("UHSG") is a Louisiana-based construction contractor that was hired to inspect and repair the dam.[4] Phoenix International Holdings, Inc. ("Phoenix") is a Virginia-based diving company that furnishes both workers and automated machines that perform underwater services such as dam inspections and repairs.[5] In March 2019, the two entered into a Master Services Agreement ("MSA"), a document that would

---

[1] R. Doc. 96.
[2] R. Docs. 29, 91.
[3] R. Doc. 100.
[4] R. Doc. 1 at 2.
[5] *Id.* at 1-2.

manage their working relationship between various "government projects."[6] Subsequently, UHSG and Phoenix allegedly entered into an agreement to work together on the Beltzville Dam project. On October 8, 2019 Phoenix submitted a work proposal to UHSG.[7] In response, UHSG "issued a verbal work order under the MSA" directing Phoenix to start work a week later.[8] The work was completed within the month.

Now, the parties dispute (1) the existence of a binding contract; and (2) the correct method of payment. Phoenix contends that UHSG accepted the October work proposal without modification and, in doing so, created an agreement bound by the "time and material basis" of payment outlined in it. UHSG disagrees, claiming that no binding contract was formed and, alternatively, the parties agreed to a "lump sum fixed rate." Upon submission of Phoenix's invoice, UHSG refused to furnish payment and Phoenix filed suit for, among other things, breach of contract.[9] In response, UHSG asserted two counterclaims seeking to recover losses from project delays caused by Phoenix.[10]

In the course of this litigation, UHSG filed a motion to dismiss Phoenix's breach of contract claim arguing that Phoenix "fail[ed] to plead factual content that allows this court to draw the reasonable inference a binding contract…governing Phoenix's provision of diving services…came into existence under the MSA merely upon UHSG's receipt and/or alleged acceptance of Phoenix's

---

[6] *Id.* at 2; R. Doc. 22 at 1.
[7] *Id.*; R. Doc. 22 at 2.
[8] R. Doc. 1 at 2; R. Doc. 22 at 2.
[9] *See id.*
[10] R. Doc. 20.

2

Revised [diving services] Proposal."[11] UHSG alleged that "a binding contract under the MSA governing Phoenix's performance…comes into existence only upon UHSG's issuance of a written or verbal work order."[12] UHSG rejected the argument that either the work proposal or an email from a representative of UHSG could combine with the MSA to create a contract.[13]

Phoenix responded by noting that UHSG had previously acknowledged the existence of a contract between the two parties in filings that sought to dismiss other claims.[14] Additionally, Phoenix pointed to several exhibits that show a contract formed between the parties.[15] Therefore, Phoenix asserted, because there is potential evidence of a contract, there are sufficient factual allegations to prove a breach of contract. This Court agreed and denied the motion to dismiss, finding that it could "reasonably infer the formation of a contract and potential breach" through "the factual allegations of the complaint and its supporting exhibits."[16]

Now, UHSG moves this Court to reconsider its decision for two reasons. First, UHSG insists that "[t]he Court's Order offers no indication whether the Court construed the supporting exhibits Phoenix attached to its Complaint and determined their legal effect."[17] Second, UHSG argues that because this Court inferred the possible existence of a contract under the 12(b)(6) standard, "the Court either ignored the legal effect of the MSA or necessarily determined the

---

[11] R. Doc. 29-1 at 1.
[12] *Id.* at 14.
[13] *See Id.*
[14] R. Doc. 36 at 1-2. In a motion to dismiss an unjust enrichment claim, UHSG argued that "Phoenix's claim for unjust enrichment should be dismissed because there can be no unjust enrichment claim under Louisiana law when there is another remedy at law, and Phoenix has (and is pursuing) another remedy at law through its breach of contract claim against UH Services for the same alleged conduct and harm." R. Doc, 9-1 at 1.
[15] *See id.*
[16] R. Doc. 91 at 4.
[17] R. Doc. 96 at 2.

Complaint fails to allege factual content sufficient to allow this court to draw the reasonable inference a complete and enforceable contract formed under the MSA" through a work order.[18] UHSG argues that Phoenix did not allege facts sufficient to prove the existence of a contract because their exhibits, an alleged contract-acceptance email and a work proposal, do not combine with the MSA to form a contract. Instead, only an express work order solicited by UHSG can do that.[19] UHSG concludes that this Court must recognize there is no contract, and the Court erred by "set[ting] out to alter or make a new contract."[20]

Phoenix filed a response, arguing that, in contravention to Rule 54 precedent, UHSG is rehashing the same arguments it made in its motion to dismiss.[21] Further, they assert that the Court's order correctly found that Phoenix sufficiently pleaded factual allegations that point to the existence of, and the subsequent breach of, a contract.

## **LAW & ANALYSIS**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[22] Motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted because "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[23]

---

[18] R. Doc. 96-1 at 11.
[19] *See id.*
[20] *Id.* at 3.
[21] R. Doc. 100.
[22] Fed. R. Civ. P. 12(b)(6).
[23] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)).

To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24] A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[25] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[26]

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders" by authorizing "a district court to revise any order at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[27] Generally, a motion for reconsideration "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."[28] However, a court is "free to reconsider and reverse its decision for any reason it deems sufficient."[29] Still, such motions are "'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered" prior to the judgment but were not, and "a court need not rehash arguments it has already considered."[30]

---

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[25] *Id*. (quoting *Twombly*, 550 U.S. 570).
[26] *Lovick v. Ritemoney Ltd*., 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc*., 302 F.3d 552, 558 (5th Cir. 2002)).
[27] *Matherne v. Louisiana Through Dep't of Child. & Fam. Servs*., No. CV 18-3396, 2020 WL 1492992, at *1 (E.D. La. Mar. 27, 2020); Fed. R. Civ. P. 54(b); *Austin v. Kroger Texas, L.P*., 864 F.3d 326, 336 (5th Cir. 2017).
[28] *Schiller v. Physicians Resource Group Inc*., 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotation marks omitted).
[29] *Austin*, 864 F.3d at 336.
[30] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009); *Cook v. Flight Services and Systems, Inc*., No. 16-15759, 2019 WL 2067640, at *2 (E.D. La. May 10, 2019)

Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.[31]

In its *Motion to Dismiss*, UHSG sought to dismiss Phoenix's lone remaining breach of contract claim on grounds that Phoenix failed to allege facts sufficient to prove the existence of a contract. The Court found that, when viewing the MSA along with the written and verbal communications between the parties in the light most favorable to Phoenix, it could "infer the formation of a contract and potential breach."[32] However, the Court noted that satisfying the pleading standard under 12(b)(6) does not mean Phoenix is entitled to relief: there are issues "pertaining to the formation of the contract and the agreed terms" that are "suited for trial."[33] The Court stands by that reasoning for two reasons.

First, UHSG, in violation of Rule 54(b) precedent, is re-raising the same arguments it put before the Court in the *Motion to Dismiss*. UHSG argues that Phoenix has not raised factual allegations sufficient to show the existence of a contract, meaning there cannot be a breach. UHSG raised that very same argument on November 24, 2021. However, nothing has changed in the intervening months. There is no manifest error of law or fact nor newly discovered evidence for the Court to recognize. Therefore, Rule 54(b) precedent disfavors granting UHSG's *Motion for Reconsideration*.

---

[31] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[32] R. Doc. 91 at 4.
[33] *Id.*

Second, UHSG's argument that the Complaint has failed to state a claim upon which relief can be granted does not pass muster. As the Court found in September of 2021, Phoenix plead sufficient factual allegations, when viewed in a light most favorable to Phoenix, to prove a contract existed. The Court finds this assessment is still correct. UHSG disagrees on a couple grounds. One, UHSG argues that "[t]he Court's Order offers no indication whether the Court construed the supporting exhibits Phoenix attached to its Complaint and determined their legal effect."[34] The Court directs the parties to the clear language of the Order finding that Phoenix's "supporting exhibits," the work proposal and an email between the parties, could be construed as the telltale signs of a contract, namely offer, acceptance, and consideration.[35] Further, the Court notes that UHSG has "acknowledged the existence of the Proposal and subsequent communications between Phoenix and a UHSG representative."[36]

Additionally, UHSG asserts it never issued a work order that created a binding contract with Phoenix. However, its own *Amended Answer* states that, after receiving the work proposal, UHSG personnel "issued a verbal work order under the MSA" directing Phoenix to commence work a week later.[37] UHSG has also implicitly recognized the existence of a binding contract under

---

[34] R. Doc. 96 at 2.
[35] R. Doc. 91 at 4.
[36] *Id.*
[37] R. Doc. 22 at 2, ¶ 9.

7

the MSA, as evidenced by language in its filings.[38] UHSG's own language makes clear "what [this case] actually is about – a contract dispute between Phoenix and UH Services."[39]

As the Court explained in its Order, "[w]hen faced with a Rule 12(c) motion, the inquiry is simply whether the complaint adequately alleges sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[40] UHSG insists that the Court "ignored the…legal effect of the MSA…[and] set out to alter or make a new contract."[41] However, Phoenix's "Complaint alleges specific information regarding communications, dates, offer, acceptance, and consideration between the two sides including an alleged acceptance of Phoenix's Proposal by a representative of UHSG via email."[42] Therefore, under the applicable pleading standard, "the complaint and its supporting exhibits" contain sufficient factual allegations from which the Court could "reasonably infer the formation of a contact and potential breach."[43]

Viewing the work proposal and email communications in a light most favorable to Phoenix, alongside the acknowledgements of UHSG, the Court finds Phoenix has sufficiently alleged the existence of a contract and a subsequent breach to survive a Rule 12(b)(6) motion. Accordingly,

---

[38] As Phoenix noted in their *Response*, "UHSG has, at various times throughout the course of this litigation, argued that the applicability of the MSA precludes Phoenix's claims for unjust enrichment, while simultaneously contending that the plain terms of the contract do not preclude its claims for consequential damages, and now alleges that no contract was formed in accordance with the terms of the MSA." R. Doc. 100 at 4. Further, Phoenix properly points out in another filing "UHSG's own counterclaim states, 'The MSA and the verbal or written work orders UHSG issued under the MSA combine to form a contract.'" R. Doc. 99 at 2. UHSG's arguments appear contradictory.

[39] R. Doc. 9-1, p.1 of 13. UHSG argued before this Court in a motion to dismiss that unjust enrichment was inapplicable because that recourse does not apply under "Louisiana law when there is another remedy at law, and Phoenix has (and is pursuing) another remedy at law through its breach of contract claim against UH Services for the same alleged conduct and harm." R. Doc. 9-1 at 1.

[40] R. Doc. 91 at 4.
[41] R. Doc. 96 at 3.
[42] R. Doc. 91 at 4.
[43] *Id.*

because the Court finds that UHSG has not shown a sufficient reason to revise its Order, and considering both Rule 12(b)(6) and Rule 54(b) motions are extraordinary remedies, UHSG's motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that UHSG's *Motion for Reconsideration* is **DENIED**.

New Orleans, Louisiana, this __2nd__ day of February, 2022.

_____
Hon. Greg Gerard Guidry
United States District Judge