UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PHOENIX INTERNATIONAL HOLDINGS, INC.** | * | CIVIL NO. 20-01684 |
| | | SECTION: T (3) |
| **v.** | * | |
| | | HON. GREG GUIDRY |
| **UH SERVICES GROUP, LLC** | * | |

## ORDER

Before this Court is Defendant UH Services Group, LLC's ("UHSG") *Motion for Reconsideration Or, in the Alternative, For Certification to File Interlocutory Appeal*[1] regarding this Court's order denying UHSG's motion for summary judgment.[2] The Plaintiff, Phoenix International Holdings, Inc. ("Phoenix"), filed a response.[3] For the following reasons, the motion is **DENIED**.

## BACKGROUND

This case centers on an alleged agreement to perform underwater services for the maintenance of the Beltzville Dam, a Pennsylvania-based flood control project managed by the U.S. Army Corps of Engineers ("USACE"). UH Services Group ("UHSG") is a Louisiana-based construction contractor that was hired to inspect and repair the dam.[4] Phoenix International Holdings, Inc. ("Phoenix") is a Virginia-based diving company that furnishes both workers and automated machines that perform underwater services such as dam inspections and repairs.[5] In

---

[1] R. Doc. 123.
[2] R. Doc. 84, 111.
[3] R. Doc. 128.
[4] R. Doc. 1 at 2.
[5] *Id.* at 1-2.

March 2019, the two entered into a Master Services Agreement ("MSA"), a document that would manage their working relationship between various "government projects."[6] Subsequently, UHSG and Phoenix allegedly entered into an agreement to work together on the Beltzville Dam project. On October 8, 2019 Phoenix submitted a work proposal to UHSG.[7] In response, UHSG "issued a verbal work order under the MSA" directing Phoenix to start work a week later.[8] The work was completed the next month.

Now, the parties dispute (1) the existence of a binding contract and (2) the correct method of payment. Phoenix contends UHSG accepted the October work proposal without modification and, in doing so, created an agreement bound by the "time and material basis" of payment outlined in it. UHSG disagrees, claiming that no binding contract was formed and, alternatively, the parties agreed to a "lump sum fixed rate." Upon submission of Phoenix's invoice, UHSG refused to furnish payment and Phoenix filed suit for, among other things, breach of contract.[9] In response, UHSG asserted two counterclaims seeking to recover losses from project delays caused by Phoenix.[10]

Earlier in this case, the Court dismissed all but one of Phoenix's claims, a breach of contract allegation. Subsequently, UHSG filed a motion to dismiss Phoenix's sole remaining claim.[11] This Court denied that motion.[12] Eight months after the motion to dismiss, UHSG filed a motion for

---

[6] *Id.* at 2; R. Doc. 22 at 1.
[7] *Id.*; R. Doc. 22 at 2.
[8] *Id.*; R. Doc. 22 at 2.
[9] See id.
[10] R. Doc. 20.
[11] R. Doc. 29.
[12] R. Doc. 91.

summary judgment, arguing that "the Complaint still fails to contain any allegations of fact sufficient to establish…an enforceable contract formed under the MSA."[13] Specifically, UHSG argued that the work proposal, an email communication between the parties, and Phoenix's time logs did not combine with the MSA to form a contract.[14] UHSG additionally asserted that regardless of the parties' communications, only the "Prime Contractor," UHSG, may issue a work order that creates a contract under the MSA.[15] Finally, they argued that the "verbal work order" it did issue prior to the project constituted a counteroffer to Phoenix's work proposal.[16] Phoenix filed a response, asserting UHSG's arguments are "directly disputed by other evidence, pleadings, and testimony in the record" indicating there are genuine disputes over material facts, namely the communications between the parties.[17] In all, the parties submitted four filings regarding the motion for summary judgment. Ultimately, this Court denied the motion.[18]

Now, UHSG asks this Court to reconsider its Order and "exercise its liberal discretionary authority…as the ruling violates governing Fifth Circuit precedent," or, alternatively, certify the Order for an interlocutory appeal.[19] Specifically, UHSG argues the Court should have granted summary judgment because Phoenix "cannot establish an enforceable contract formed under the MSA or *Proposal for Diving Services* upon UHSG's acceptance of its *Proposal for Diving Services*."[20] UHSG maintains the Court's denial of their motion "granted summary judgment in

---

[13] R. Doc. 84 at 2.
[14] R. Doc. 84-1 at 11-22.
[15] *Id.* at 11-22.
[16] *Id.* at 12-13.
[17] R. Doc. 86 at 10.
[18] R. Doc. 111.
[19] R. Doc. 123 at 1.
[20] R. Doc. 123-1 at 5 (emphasis in original).

Phoenix's favor [by] deciding the issue of whether an enforceable contract…could be formed outside the terms of the MSA" without a jury.[21] Phoenix filed a response, arguing that the motion was untimely and meritless because UHSG itself "posits questions of fact" that prevent summary judgment, such as whether the work was on a lump sum fixed rate.[22] Ultimately, Phoenix "adopts and incorporates" its previous arguments and concludes that "UHSG submits arguments of counsel which have already been rejected by the Court."[23]

## LAW & ANALYSIS

### I. Rule 54(b) Motion for Reconsideration

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[24] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[25] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[26] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[27] "Once the

---

[21] *Id.* at 19.
[22] R. Doc. 128 at 2.
[23] *Id.* at 2-3.
[24] Fed. R. Civ. P. 56(a).
[25] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[26] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[27] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[28]

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders" by authorizing "a district court to revise any order at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[29] Generally, a motion for reconsideration "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."[30] However, a court is "free to reconsider and reverse its decision for any reason it deems sufficient."[31] Still, such motions are "'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered" prior to the judgment but were not, and "a court need not rehash arguments it has already considered."[32] Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.[33]

As an initial matter, the Court finds that UHSG's motion for reconsideration is timely. Under Rule 54(b), a party may ask a court to revise an order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[34] Although this

---

[28] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[29] *Matherne v. Louisiana Through Dep't of Child. & Fam. Servs.*, No. CV 18-3396, 2020 WL 1492992, at *1 (E.D. La. Mar. 27, 2020); Fed. R. Civ. P. 54(b); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).
[30] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotation marks omitted).
[31] *Austin*, 864 F.3d at 336.
[32] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009); *Cook v. Flight Services and Systems, Inc.*, No. 16-15759, 2019 WL 2067640, at *2 (E.D. La. May 10, 2019)
[33] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[34] Fed. R. Civ. P. 54(b).

motion was filed after the deadline set out in the *Scheduling Order*, Rule 54(b) motions may be filed any time prior to a final judgment on all claims. No such judgment yet exists.

Now, turning to the motion itself, the Court finds UHSG's grounds for reconsideration fall short of the Rule 54(b) standard for two reasons. First, UHSG is "rehashing," or recycling, arguments the Court already considered in its motion for summary judgment. As Phoenix noted, "UHSG submits arguments of counsel which have already been rejected by the Court," namely that there is a lack of factual allegations to support the existence of a contract.[35] Rule 54(b) discourages using old arguments in new filings.

Second, and relatedly, there is no manifest error of law or fact in the Court's Order. As made clear by the Order and the filings of the parties, there are genuine disputes regarding factual allegations material to this case. The Court directs the parties to the clear language of the Order.

> Both parties have submitted conflicting arguments and evidence pertaining to the formation of an enforceable contract, with substantial focus attributed to offer, acceptance, and the manifestation of mutual assent. These factual issues are essential to Phoenix's remaining claim and are therefore material. A "dispute is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Disputed material facts preclude summary judgment, and the Phoenix has clearly identified genuine disputes of material fact within the record.[36]

UHSG claims the uncontested facts prove there is no contract between the disputing parties. However, the existence of a contract is "directly disputed by other evidence, pleadings, and testimony in the record."[37] The work proposal and an email communication between the

---

[35] R. Doc. 126 at 3.
[36] R. Doc. 111 at 2.
[37] *Id.*

6

parties could be construed as an offer or acceptance under the MSA. Additionally, UHSG's "verbal work order," the one it admitted to producing, could be construed as an offer or acceptance.[38] The existence of a dispute is proven, and complicated, further by the fact that UHSG has, at times, admitted to the creation of a contract while simultaneously arguing there is no contract.[39] A "motion for reconsideration is not the time to contest facts that were previously admitted because an adverse result was obtained."[40]

It is clear that it must be determined whether written and verbal communications between Phoenix and UHSG formed a contract under the MSA.[41] That is a clearly material fact. Further, central to the existence question are issues of material fact such as "whether UHSG issued a work order pursuant to the proposal issued by Phoenix," "whether UHSG ever requested Phoenix perform diving services on a lump sum fixed-rate," and "whether UHSG ordered Phoenix to proceed with mobilization."[42] Drawing all reasonable inferences in Phoenix's favor, the Court finds Phoenix's factual allegations, the exhibits attached to the complaint, communications between the parties, and UHSG's own language point to sincere disputes over facts central to the

---

[38] R. Doc. 22 at 2.
[39] As Phoenix noted in a previous filing, "UHSG has, at various times throughout the course of this litigation, argued that the applicability of the MSA precludes Phoenix's claims for unjust enrichment, while simultaneously contending that the plain terms of the contract do not preclude its claims for consequential damages, and now alleges that no contract was formed in accordance with the terms of the MSA." R. Doc. 100 at 4. Further, Phoenix properly points out in another filing "UHSG's own counterclaim states, 'The MSA and the verbal or written work orders UHSG issued under the MSA combine to form a contract.'" R. Doc. 99 at 2. Additionally, UHSG argued previously in a motion to dismiss that unjust enrichment was inapplicable to Phoenix because such recourse does not apply under "Louisiana law when there is another remedy at law, and Phoenix has (and is pursuing) another remedy at law through its breach of contract claim against UH Services for the same alleged conduct and harm." R. Doc. 9-1 at 1.
[40] *Stuntz v. Ashland Elastomers, LLC*, No. 1:14-cv-173-MAC, 2018 WL 6737409, at *3 (E.D. Tex. Dec. 7, 2018) (adopting report and recommendation).
[41] The Court noted this plainly in its Order: "[b]oth parties have submitted conflicting arguments and evidence pertaining to the formation of an enforceable contract," creating a "genuine" dispute. R. Doc. 111 at 4.
[42] R. Doc. 111 at 4.

7

resolution of this litigation.[43] Ultimately, these are "textbook factual disputes suited for the fact finder at trial."[44] Accordingly, summary judgment is inappropriate and UHSG's motion to reconsider that finding is **DENIED**.

## II. Interlocutory Appeal

Parties may move a district court to certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). "Before a district court may certify an order for interlocutory appeal, the moving party must demonstrate that the matter involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order would materially advance the ultimate termination of the litigation."[45] "An interlocutory appeal, however, is 'exceptional' and assuredly does not lie simply to determine the correctness of a judgment."[46]

The Court finds UHSG has failed to satisfy the threshold test for an interlocutory appeal. The Court is not aware of a substantial ground for difference of opinion for two reasons. One, UHSG failed to brief this issue. Two, there is a clear, genuine dispute as to whether a contract came into existence as a result of communications, namely alleged offers and counteroffers

---

[43] "Phoenix highlights assorted exhibits within the record supporting its argument including emails, invoices, and deposition testimony" point to disputes that must be resolved. *Id.* at 5.
[44] *Id.* at 4. UHSG contests there remains disputed facts for trial, arguing that "the Court effectively granted summary judgment in favor of Phoenix by deciding an issue," whether "an enforceable contract…could be formed outside the terms of the MSA," and "leaving nothing left for the jury to decide on that issue." R. Doc. 123-1 at 18. The Court finds such argument both unpersuasive and misguided. The factfinder is left with many factual questions regarding any alleged agreement, including whether one was formed and the scope of any agreement.
[45] *McDonnel Grp., LLC v. Starr Surplus Lines Ins. Co*., No. CV 18-01380, 2020 WL 1064912, at *3 (E.D. La. Mar. 5, 2020).
[46] *Id.* (quoting *Clark–Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68, 69 (5th Cir. 1983)).

between the parties. Furthermore, an immediate appeal would not materially advance this litigation because there is little likelihood of a reversal. Even the Court's ruling was reversed, Phoenix could re-raise its unjust enrichment claim that was dismissed earlier in this lawsuit at UHSG's urging. Instead, an appeal would create further costly litigation. The only remaining issues in this case are within the province of the jury, namely the resolution of factual disputes regarding the formation and terms of an alleged agreement. Accordingly, UHSG's request for certification for an interlocutory appeal is **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that UHSG's *Motion for Reconsideration* is **DENIED**.

New Orleans, Louisiana, this \_\_2nd\_\_ day of February, 2022.

                                              Hon. Greg Gerard Guidry
                                              United States District Judge